# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| DAVID R. BRIDGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) FILE NO.: 2:11-CV-0262-WCO |
| GARY KISER TRUCKING, INC., RAY CHARLES WILSON AND CAROLINA CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY BRIEF IN OPPOSITION TO PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE TESTIMONY OF DAVID DORRITY AND BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE SUPPLEMENTAL OPINIONS AND STRIKE AFFIDAVIT OF DAVID DORRITY

COME NOW, Gary Kiser Trucking, Inc., Ray Charles Wilson and Carolina Casualty Insurance Company, (hereinafter collectively "Defendants"), by and through their undersigned counsel of record, submits this Reply Brief in Opposition to Plaintiff's Response to Defendants Motion to Exclude Plaintiff's Expert David Dorrity, and Defendant's Motion to Exclude David Dorrity's Supplemental Opinions And Strike Dorrity's Affidavit, respectfully showing the Court as follows:

## I. INTRODUCTION

Plaintiff's expert, David Dorrity, was not identified timely pursuant to the Scheduling Order entered by this Court. Plaintiff has failed to show "good cause" pursuant to Rule 16(b) of the Federal Rules of Civil Proceedure, and, thus, Mr. Dorrity's testimony must be excluded from trial. Additionally, Plaintiff filed a supplemental Affidavit executed by Mr. Dorrity containing new opinions from Mr. Dorrity after Plaintiff's deadline to produce expert reports, after the close of discovery, and after Defendants had filed a Motion to Exclude Mr. Dorrity's testimony and a Motion for Summary Judgment. As this supplementation was untimely, this Affidavit should be struck from the record and Mr. Dorrity should be prevented from testifying to these opinions at trial. Finally, Mr. Dorrity's opinions are conclusory, unnecessary, lack factual basis, and are unhelpful to the jury. In a traffic accident like the one at issue, a jury is able to determine whether there was any negligence on the part of the Defendants. As such, Defendants request that this Court enter an Order excluding the opinions and report of David Dorrity.

## II. STATEMENT OF FACTS

For purposes of brevity, Defendants hereby incorporate the Statement of Facts from Defendants' Brief In Support Of Defendants Motion to Exclude. Defendants, however, supplement their statement of facts with new facts below:

Plaintiff's Expert Disclosure of Mr. Dorrity was untimely under this Court's Scheduling Order. (See Plaintiff's Disclosure of Expert David Dorrity, attached as "Exhibit 1" to Defendants' Brief in Support of Motion to Exclude; January 19, 2012 Scheduling Order). Mr. Dorrity's original report presented only four opinions in this case. (See Dorrity Report, pg. 5). In preparing this report, Mr. Dorrity relied on only a few materials, namely the police report and pleadings. (See Dorrity Report, pg 4). Mr. Dorrity did not review any testimony from the parties or witnesses to this incident. (See Dorrity Report, pg 4).

Importantly, Mr. Dorrity's report contains the following statements: "My opinions to date are limited since there is very little discovery production to review other than the accident report. I anticipate this report will be supplemented as I am asked to review additional documents..." (See Dorrity Report, pg 3). Mr. Dorrity further states: "Again, this is my initial report in order to meet deadlines but I will likely be supplemented [sic] in the future." (See Id.)

On November 16, 2012, Defendants filed this Motion to Exclude showing that the report was filed untimely and that Mr. Dorrity's opinions are conclusory, unnecessary, lack factual basis, and are unhelpful to the jury. On November 30, 2012, Plaintiff filed a Response to this Motion and attached an Affidavit from Mr. Dorrity to the Response (See Dorrity Affidavit, attached to Plaintiff's Response).

This Affidavit states: "This affidavit will supplement my opinions and support for those opinions that were previously published in my report dated May 16, 2012." (See Dorrity Affidavit, ¶4). The Affidavit lists multiple new sources of information that were reviewed after Mr. Dorrity authored his original report. (See Dorrity Affidavit, ¶6). This report contains multiple new opinions that were not included in Mr. Dorrity's original report. (See Dorrity Affidavit, generally). The new opinions are too numerous to list here, but Defendants to call particular attention to Paragraph 15 of the Affidavit which contains the following statements:

- Lane change crashes are generally preventable by the trained and careful CMV driver (citing to National Safety Council's Guide to Determine Motor Vehicle Accident Preventability Manual, attached to the Affidavit as Appendix B)
- The trucking industry standards for review would judge this particular lane change accident as preventable by Mr. Wilson.
- The most probable explanation for Mr. Wilson's lane change into Mr. Bridges lane was failure to keep a proper lookout during his entire passing and before changing lanes and consequently not changing lanes until he was safely past Mr. Bridges vehicle [sic].

(See Dorrity Affidavit, 15). None of these opinions were contained in Mr. Dorrity's original report. (See Dorrity Report) Also, Mr. Dorrity attaches several exhibits that were not disclosed in his original report. (See Exhibits attached to Dorrity Affidavit).

The Affidavit was executed by Mr. Dorrity on November 30, 2012 and produced to Defendants on the same date. (See Id). This occurred well after Plaintiff's deadline to submit reports, after the discovery deadline, and after Defendants filed their Motion to Exclude and Motion for Summary Judgment (See Scheduling Order, and Defendants Motions on file with this Court).

Defendants file this Reply Brief and Brief in Support of Defendants' Motion to Strike showing the Court that Mr. Dorrity's original report is untimely and should be excluded, Mr. Dorrity's supplemental opinions contained in Mr. Dorrity's supplemental Affidavit are untimely and should be excluded and the Affidavit should be struck, and that Mr. Dorrity's opinions are conclusory, unnecessary, lack factual basis, and are unhelpful to the jury.

III. **ARGUMENT AND CITATION TO AUTHORITY**

a. **Plaintiff's Disclosure of David Dorrity Was Untimely And, Thus, Plaintiff's Expert Disclosure Should Be Stricken**

It is undisputed that Plaintiff failed to disclose Mr. Dorrity pursuant to the Scheduling Order and that Mr. Dorrity's original report was untimely. Plaintiff argues, however, that the failure to properly disclose the expert was "harmless" under Rule 37(c)(1) of the Federal Rules of Civil Proceedure. This argument is moot, however, as Plaintiff has failed to show "good cause" under Rule 16(b) of the Federal Rules of Civil Proceedure which must be done prior to showing that

the late disclosure was "harmless." McGarity v. FM Carriers, Inc., 2012 WL 1028593 (S.D.Ga.2012), citing to Dracz v. Am. Gen. Life Ins. Co, 426 F.Supp.2d 1337, 1376 (M.D.Ga.2006). In the McGarity, the Court held: "While it is true that Plaintiff must show that the late disclosure is "substantially justified" or "harmless," *Plaintiff must first satisfy Federal Rule of Civil Proceedure 16(b)'s "good cause" requirement* because she provided [her] expert affidavit well after the court-ordered deadline." Id (emphasis added).

Plaintiff has not made any showing under the "good cause" requirement of Rule 16(b). Further, Plaintiff is not able to meet this requirement even if Plaintiff had tried. Plaintiff admits that the failure to comply with the deadline was "oversight" and due to "ignorance." This is not sufficient. Further, Plaintiff has not even attempted to show good cause. As such, Plaintiff's expert disclosure of David Dorrity should be excluded.

**b.      Plaintiff's Disclosure of David Dorrity's Supplemental Affidavit Was Untimely And, Thus, The Affidavit Should Be Struck And All Supplemental Opinions And References Should Be Excluded.**

Mr. Dorrity's original report contains only four opinions which were formed only by looking at the police report and pleadings. Moreover, Mr. Dorrity admits that he is making assumptions in this report due to reviewing only the police report. Mr. Dorrity states at least twice in his report that the report will need to be

supplemented. Specifically, he states: "My opinions to date are limited since there is very little discovery production to review other than the accident report. I anticipate this report will be supplemented as I am asked to review additional documents..." (See Dorrity Report, pg 3). Mr. Dorrity further states: "Again, this is my initial report in order to meet deadlines but I will likely be supplemented [sic] in the future." (See Id).

Plaintiff failed to supplement the report, however. Mr. Dorrity's supplemental Affidavit, which contains new opinions, was not produced until after the discovery deadline. Moreover, it was not produced until after Defendants filed their Motion to Exclude and Motion for Summary Judgment. It has been repeatedly held by Federal Courts in this State that this type of supplementation is not permitted. Cochran v. Brinkman Corp., 2009 WL 4823858 (N.D.Ga.2009); Martinez v. Rycars Construction, LLC, 2010 WL 6592942 (S.D.Ga.2010).

Plaintiff argues that if Defendants had deposed Mr. Dorrity, they would have been privy to the new information. This argument is both untrue and unpersuasive. First, it is clear that Mr. Dorrity did not come up with these supplemental opinions until after Defendants filed their Motion to Exclude. In the Affidavit, Mr. Dorrity specifically states that he relied upon witness Crawford's Affidavit in preparing his supplemental opinions, but Ms. Crawford's Affidavit was not executed until

November 19, 2012, after the discovery deadline. (See Dorrity Affidavit, ¶6, Crawford Affidavit, attached hereto as "Exhibit 3"). Moreover, most of the opinions in Mr. Dorrity's Affidavit are a direct response to Defendants Motion for Summary Judgment and Motion to Exclude. Clearly, Mr. Dorrity did not have some or all of these opinions during the discovery period in this case.

Second, Defendant had no reason to depose Mr. Dorrity based on his original report, which was formed after reviewing only the police report, repeatedly states that it will need to be supplemented, and sets out opinions that are conclusory, unnecessary, lack factual basis, and are unhelpful to the jury as outlined in Defendants' Motion to Exclude.

Third, and most important, Plaintiff forgets that Defendant has no duty to depose an expert, especially where Plaintiff has produced an expert report setting out opinions that Defendants believe are inadmissible and severely lacking foundation. Plaintiff, however, has an absolute duty to disclose an expert and produce an expert report within the deadlines set by the Scheduling Order pursuant to Fed.R.Civ.P 26. Plaintiff failed to do this.

Presumably, Plaintiff is attempting to supplement the original report under Rule 26(e) However, this ability to supplement is limited to instances where the first report is incomplete; the Rule does not contemplate supplementation with

additional opinions. Martinez v. Rycars Construction, LLC, 2010 WL 6592942 (S.D.Ga.2010); Cochran v. Brinkman Corp., 2009 WL 4823858 (N.D.Ga.2009). Specifcally, in Martinez, the Court found that "supplementation of an expert report pursuant to Rule 26(e) does not cover failures of omission because the expert did an inadequate or incomplete preparation.'" Martinez v. Rycars Construction, LLC, 2010 WL 6592942 (S.D.Ga.2010). In Cochran, the Court stated that supplementation "is not a device to allow a party's expert to engage in additional work or to annul opinions or offer new ones to perfect litigation strategy." Cochran v. Brinkman Corp., 2009 WL 4823858 (N.D.Ga.2009).

Here, however, we have exactly the case Cochran disallows: supplementation to allow additional work and to offer new opinions to perfect litigation strategy. Mr. Dorrity explicitly states in his original report that his opinions are limited because he has reviewed only the police report and that the report will need to be supplemented after he reviews additional materials. Plaintiff did not supplement the report until after the discovery period and after Defendants had file the Motion to Exclude and Motion for Summary Judgment. This is improper and any opinions not included in Mr. Dorrity's original report should be excluded. Cochran v. Brinkman Corp., 2009 WL 4823858 (N.D.Ga.2009) (holding that expert opinions were limited to the original report where additional testing

done "weeks or months" after the expert disclosure deadline was improper). Moreover, given that the supplemental affidavit was not produced until after the discovery deadline past and after Defendants filed their Motion to Exclude and Motion for Summary Judgment, Plaintiff's supplemental disclosure of the Affidavit is extremely harmful to Defendants who were not able to prepare a defense strategy for these new opinions during discovery. McGarity v. FM Carriers, Inc., 2012 WL 1028593 (S.D.Ga.2012) (finding that defendant was harmed where defendant was "wholly unaware while preparing its Motion for summary Judgment" of the new expert opinions to be offered by the plaintiff).

Clearly then, under the case law cited above, Mr. Dorrity's Affidavit is not a proper supplementation of Plaintiff's expert report and substantially harms Defendants. Therefore, Mr. Dorrity's Affidavit should be struck and his opinions should be limited to those in Mr. Dorrity's Original Expert Report (if this Court does not agree that the original report should be excluded as it was untimely disclosed to Defendants).

1. <u>Defendants Pending Motion To Clarify Order</u>

There is a disputed issue between the parties regarding whether discovery is ongoing that has been briefed in Defendant's Motion To Clarify pending before this Court. After a review of the case law, Defendants concede that if this Court

grants Defendants' Motion to Clarify, thereby extending the discovery period, Defendants will likely not be harmed by the supplemental disclosure if Defendants are permitted to depose Mr. Dorrity and fully investigate his new opinions. Plaintiff, however, is contesting this Motion. Therefore, should this Court not grant Defendants Motion to Clarify, Defendants will be harmed and Mr. Dorrity's testimony should be limited to his original report, should the report not be excluded because it was untimely.

c. **Defendants' Motion to Strike Expert David Dorrity Should Be Granted As Mr. Dorrity's Opinions Are Incorrect Statements of Law, Conclusory, Unnecessary, and Will Not Assist the Trier of Fact.**

Further, Mr. Dorrity's opinions are inadmissible as they are conclusory, unnecessary and will not assist the trier of fact, and are based upon an incorrect statements of law in this case.

A. **Opinion 1 is unnecessary, lack factual basis and based upon an incorrect understanding of the standard of care**

As shown in Defendants Brief in Support of the Motion to Exclude, this opinion lacks factual support as it was based soley on the police report (as admitted in Mr. Dorrity's opinion). Plaintiff attempts to remedy this with Mr. Dorrity's additional review of materials to support this position. However, as shown above, the Mr. Dorrity's Affidavit is not a proper supplementation and should be excluded. As such, this opinion lacks factual basis and is mere speculation.

Further this expert testimony will not assist the trier of fact. <u>See</u> FRE 702; <u>Hanson v. Waller,</u> 888 F.2d 806 (11th Cir. 1989). Mr. Dorrity's opinions are derived from the police report alone which shows that this was a traffic accident stemming from a lane change. This is not shrouded in the mystery of professional skill and beyond the ken of the average layman. Members of the jury will understand a traffic accident arising from a lane change as reported in the police report. Thus, any such testimony is inadmissible as it will not assist the trier of fact.

Moreover, as discussed below, Mr. Dorrity should be prohibited from stating that any alleged and unnamed "deviation" is a breach of the standard of care as Mr. Dorrity lacks understanding of what the standard of care is in this case as expressed in Opinion 2. <u>See</u> <u>Rios v. Norsworthy</u>, 266 Ga App at 473-474.

### B. <u>Opinion 2 is an incorrect statement of law and an inappropriate expert opinion</u>

In attempt to salvage Opinion 2, Plaintiff argues that Mr. Dorrity explains in his affidavit what he means by higher degree of care and will not testify as to the standard of care. First, as shown above, Mr. Dorrity's Affidavit should be struck from the record. Second, Plaintiff's argument is unpersuasive. Mr. Dorrity's "opinion" as to the standard of care in this case is an incorrect statement of law. It does not matter how many regulations a commercial driver is subject to, the

standard of care at issue in this case is substantive Georgia law. The laws of Georgia hold that the standard of care, even for a "professional CMV driver" is "the duty to exercise ordinary care under the circumstances." Rios v. Norsworthy, 266 Ga App 469, 597 SE 2d 421 (2004). As such, there is no legal basis for Mr. Dorrity to opine that a commercial driver is subject to a higher degree of care. Mr. Dorrity's second opinion is simply legally incorrect, and Plaintiff's attempts to explain what Mr. Dorrity means by a "higher degree of care" are only an attempt by the Plaintiff to confuse the jury as to the correct legal standard of care in this case. As such, this opinion is inadmissible. Further, Mr. Dorrity's other opinions should be disallowed as Mr. Dorrity is clearly using an incorrect legal standard to formulate these opinions. These opinions are without basis and are inadmissible.

**C.** **Opinion 3 is mere speculation without a factual basis or probative value**

This opinion is mere speculation. Mr. Dorrity admits as much when he states that he is "assuming" Mr. Wilson's actions. This opinion also states that it may be "supplemented as discovery proceeds." This was not done. Plaintiff now attempts to supplement with Mr. Dorrity's Affidavit, but as shown above, this is untimely, improper, and Mr. Dorrity's Affidavit should be struck from the record. As such, this opinion is mere speculation (as admitted by Mr. Dorrity within the opinion itself) and is inadmissible.

Further, Mr. Dorrity is not qualified to provide any opinions as to how this accident occurred. Plaintiff alleges that Mr. Dorrity will not testify as to matters of accident reconstruction, yet this is precisely what is required by Opinion 1 and Opinion 3. Mr. Dorrity does not have any experience in engineering or law enforcement, and he has absolutely no training or experience in accident reconstruction. Mr. Dorrity is not qualified to testify as to how this incident occurred. As such, opinions 1 and 3 should be inadmissible.

D. **Opinion 4 is inadmissible as it will not assist the trier of fact**

Plaintiff attempts to bolster this opinion with information from Mr. Dorrity's Affidavit as well as source of alleged authority not listed in Mr. Dorrity's original report. As shown above, this information is not admissible.

Mr. Dorrity's assertion that "A blind spot is not necessarily an excuse for a lane change accident" is entirely unhelpful to the jury. Clearly, Mr. Dorrity believes there are some circumstances where a blind spot would be an excuse and some cases where a blind spot would not be an excuse, but he doesn't distinguish the two cases and does not indicate which circumstance applies to this case. It is clear, however, that Mr. Dorrity does <u>not</u> opine that this is a case where a blind spot is <u>not</u> an excuse. Further, it is common knowledge that vehicles have blind spots - no expert testimony is required to establish this. Further, Mr. Dorrity did

not inspect the vehicle at issue in this case and, thus, has no basis to opine as to any specifics regarding any blind spots on the vehicle at issue.  As such, the entirety of Opinion 4 has no factual basis, is speculative, is not relevant to this case, and is entirely not helpful to a jury.  Thus, this opinion is inadmissible.

IV    CONCLUSION

Plaintiff's expert, David Dorrity, was not identified timely nor did Pliantiff timely supplement his opinions.  Further, Mr. Dorrity's opinions are conclusory, unnecessary, lack factual basis, and are unhelpful to the jury.  In a traffic accident like the one at issue, a jury is able to determine whether Defendant Wilson was negligent and/or violated any federal regulations.  For all of the reasons above, Defendants request that this Court enter an Order excluding the opinions and report of David Dorrity.

Respectfully submitted this 14th day of December, 2012.

**CARLOCK, COPELAND & STAIR, LLP**

By:   */s/ Erica L. Holzman*
       D. GARY LOVELL, JR.
       State Bar No.: 459389
       ERICA L. HOLZMAN
       State Bar No. 006757
       Attorneys for Defendants

191 Peachtree Street, N.E.
Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220

This is to certify that the foregoing pleading was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(B).

This 14th day of December, 2012.

        **CARLOCK, COPELAND & STAIR, LLP**

        By:   */s/ Erica L. Holzman*
               D. GARY LOVELL, JR.
               State Bar No.: 459389
               ERICA L. HOLZMAN
               State Bar No. 006757
               Attorneys for Defendants

191 Peachtree Street N.E.
Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the within and foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Edward E. Strain, III, Esq.
Cathey & Strain, P.C.
P.O. Box 689
Cornelia, GA 30531

Jerry F. Lee, Esq.
Law Office of Jerry F. Lee
190 Whisperwood Way
Cleveland, GA 30528

This 14th day of December, 2012.

/s/ Erica L. Holzman
ERICA L. HOLZMAN
State Bar No.: 006757
Attorney for Defendants

Carlock, Copeland & Stair, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220