IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA, GAINESVILLE DIVISION

DAVID R. BRIDGES                    :

    Plaintiff                    :        CIVIL ACTION

    vs.                         :        FILE NO. 2:11-CV-262

GARY KISER TRUCKING, INC.,          :
RAY CHARLES WILSON, AND
CAROLINA CASUALTY                   :
INSURANCE COMPANY

    Defendants                   :

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO EXCLUDE SUPPLEMENTAL OPINIONS AND
STRIKE AFFIDAVIT OF DAVID DORRITY**

Comes Now, Plaintiff, by and through his undersigned counsel, and files this Response to Defendants' Motion to Exclude David Dorrity's Supplemental Opinions and Strike Dorrity's Affidavit by respectfully showing the Court as follows:

**I.**

**INTRODUCTION**

As the Court is aware, Plaintiff has previously disclosed David Dorrity (hereinafter "Dorrity") as an expert witness in the present case. On November 16, 2012, Defendants filed a Motion to Strike the Testimony of David Dorrity, to

1

which Plaintiff responded on November 30, 2012. Included with Plaintiff's response was an affidavit from Dorrity, which further clarified and gave further bases for the opinions given in his initial Rule 26 expert report. Defendants now seek to have this Court strike Dorrity's affidavit based upon faulty logic, inapplicable law and a reiteration of unpersuasive arguments previously made in other pleadings. For the reasons shown below, Defendants' Motion should be denied in its entirety.

## II.

## STATEMENT OF FACTS and PROCEDURAL HISTORY

For the sake of brevity, Plaintiff will incorporate by reference the Statement of Facts and Procedural History from Plaintiff's Brief in Response to Defendants' Motion to Exclude David Dorrity. Further, the Court should also be aware of the following facts:

Defendants have known of David Dorrity's opinions since May 17, 2012. From that date until the present, Defendants have not deposed Dorrity, nor even asked for possible deposition dates for him. Instead, they chose to make self-serving erroneous assumptions about the foundation and basis of Dorrity's opinions, and then filed a Motion to Exclude based upon those assumptions. In order to combat and correct Defendants' assumptions, Plaintiff made the decision

to have Dorrity submit an affidavit, the intent of which was to give a further basis and foundation for each of his four opinions, since Defendants obviously felt like the foundations and bases were not adequate or clear enough in his report. Importantly, and a fact presumably ignored due to willful blindness on the part of Defendants, Dorrity stated in his affidavit the following: "*All of my opinions stated in [the Rule 26] report are unchanged* (See Affidavit of David Dorrity, ¶4); "The opinions I set forth in my Expert Report have not changed. *Rather, [the additional documents reviewed since the filing of the expert report] have only confirmed and served to further support and substantiate my opinions* as set out in the Rule 26 report…" (Dorrity Aff., ¶6) (emphasis added).

## III.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Dorrity's Affidavit Did Not Contain New Opinions

Contrary to the assertions made by Defendants in their Motion to Strike Dorrity's Affidavit, the information contained in Dorrity's affidavit <u>does not</u> contain new opinions[1].    Instead, Dorrity filed his affidavit in response to

---

[1] Defendants have now filed two Motions to Strike.  The first Motion to Strike was filed on November 16, 2012 and was submitted in an effort to prevent Dorrity from

Defendants' first Motion to Strike in order to clarify and clear up the false and self-serving assumptions made by Defendants in support their original Motion. Because of the false assumptions on the part of Defendants, and because no deposition was ever taken, or even requested, to fully explore his opinions, Plaintiff was put in a position where he felt an affidavit was necessary in order to defend the meritless assertions contained in the First Motion to Strike.

In an effort to avoid and prevent any appearance of impropriety, or any inference that Plaintiff was seeking to alter Dorrity's opinions, the affidavit expressly stated that Dorrity was offering no new opinions: "*All of my opinions stated in [the Rule 26] report are unchanged* (See Affidavit of David Dorrity, ¶4); "The opinions I set forth in my Expert Report have not changed. *Rather, [the additional documents reviewed since the filing of the expert report] have only confirmed and served to further support and substantiate my opinions* as set out in the Rule 26 report..." (Dorrity Aff., ¶6) (emphasis added). A review of the full affidavit clearly shows that Dorrity is offering no new opinions, rather he is simply adding context and support for the four opinions he gave in his initial Rule 26

---

testifying to the opinions he gave in his Rule 26 Report. The second Motion to Strike is the one at issue here, in which Defendants seek to strike Dorrity's affidavit, which was filed in Plaintiff's Response to Defendants' First Motion to Strike. In this Response, Plaintiff may refer to the second Motion to Strike as "Motion to Strike Dorrity's Affidavit" and the Motion to Strike Dorrity's Testimony as "Defendants' First Motion to Strike."

Report.[2] To reiterate, Plaintiff will not be offering any opinion of Dorrity that was not covered in his Rule 26 report. The information in his affidavit simply confirmed, clarified and gave the basis for those opinions.[3] As a result, the litany of cases cited by Defendant in their brief regarding supplementation of an expert report are completely inapplicable here.

Further, while it is true that Defendants are under no absolute duty to depose a witness, by their failure to depose Dorrity and instead rely on false assumptions about the basis for his opinions, Defendants put Plaintiff in the position of having to defend Dorrity, a well-qualified and respected expert witness by filing his

---

[2] For instance, in their brief, Defendants' Statement of Facts set out three bullet points which they contend show a "new" opinion by Dorrity. A full review of his initial opinions clearly illustrate that these "new" opinions are not new at all, rather, they provide foundation for his 2nd and 3rd opinions in his Rule 26 report.

[3] Defendants also state in their motion that the affidavit of Samantha Crawford, which was reviewed by, and in part relied on by Dorrity, was not executed until November 19, 2012. Plaintiff flatly rejects an insinuation that this was improper, as Defendants have been aware of the information contained in Crawford's affidavit since at least July 31, 2012, when a statement by Crawford (which mirrored the affidavit), was made an exhibit to the Deposition of Defendant Ray Charles Wilson. Further, Crawford's name was listed on Plaintiff's initial disclosures, filed over one year ago. As such, Defendant knew, should have or could have known the information contained in Crawford's affidavit well before it was executed had they adequately reviewed the statement or interviewed her.

affidavit. Dorrity's opinions contained in his Rule 26 report are legitimate, well-reasoned and well supported, as was clearly shown in his affidavit.[4]

## B. The Late Disclosure of Dorrity Should Not Prohibit His Testimony

As was the case in their First Motion to Strike, Defendants have continued to argue that Dorrity's late disclosure (by one day) should prohibit his testimony. While this issue was greatly explored in both Defendants' Motion and Plaintiff's Response, and as such Plaintiff will incorporate by reference his Response to the First Motion to Strike, Plaintiff will also respond as follows:

Defendants have argued that the "good cause" requirement of Rule 16(b) should prevent Dorrity from testifying, and in support of this argument, cited the case of McGarity v. FM Carriers, Inc., 2012 WL1028593 (S.D.Ga.2012), citing to Dracz v. Am. Gen. Life Ins. Co, 426 F.Supp.2d 1373, 1376 (M.D.Ga. 2006). The Rule itself states that: "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).

---

[4] While Defendants have again argued that Dorrity's four opinions contained in his Rule 26 Report are inadequate, no new arugments have been raised with regard to these four opinions that were not otherwise contained in their First Motion to Strike. For that reason, Plaintiff will rely on his Response to Defendants' First Motion to Strike, which offered clear support for why those four opinions are admissible rather than re-argue these points in this brief.

Plaintiff disagrees that the cases cited by Defendants, or the Rule itself, is applicable in this case. In <u>McGarity</u>, the plaintiff disclosed an expert witness for the first time <u>six months</u> after the scheduling order deadline, and even then only in a reply brief to a Motion for Summary Judgment. The defendant in McGarity had no knowledge of the witness, nor the scope, basis, and subject matter of his opinions prior to the six month late disclosure. In <u>Dracz</u>, the case cited in <u>McGarity</u>, the Court struck the plaintiff's expert who was identified nearly <u>one year</u> after the deadline. Like the expert in <u>McGarity</u>, prior to the disclosure, the defendants had no knowledge of the witness nor the scope, basis and subject matter of his opinions. The Court held that because the disclosure was "extremely delayed" and the allowance of such an extremely delayed disclosure would undermine the integrity of scheduling orders in all other cases. See <u>Dracz</u> at 1376. Defendants' reliance on these cases is misplaced, as they are clearly distinguishable from the instant case.

Here, the one day late disclosure is completely different than the situations faced by the courts in <u>McGarity</u> and <u>Dracz</u>. Dorrity was disclosed one day late due to a harmless, inadvertent mistake by Plaintiff's counsel. In fact, this mistake was not even realized until Plaintiff received Defendants' First Motion to Strike. This is in direct contrast to what the Court faced in <u>McGarity</u> and <u>Dracz</u>, in which the

late disclosures (which were 6 months late in <u>McGarity</u> and almost one year late in <u>Dracz</u>) directly impacted the ability of the Court (in <u>Dracz</u>) and the opposing party (in <u>McGarity</u>) to properly carry out their duties. No such issues are present because of Plaintiff's one day delay in the present case.

The Court has broad discretion to admit or exclude untimely submissions under Rule 16(b). <u>Bearint v. Dorell Juvenile Grp., Inc.</u>, 389 F.3d 1339, 1348-49 (11th Cir. 2004). Here, Plaintiff's late disclosure was a simple mistake (by one day), which did not prejudice the Defendants at all. While Plaintiff regrets that such a mistake was made, it did not result in any unfair advantage or delay in the Court proceedings, and was not made in an attempt to modify or subvert the scheduling order. Plaintiffs submitted a complete expert report and gave Defendants the full opportunity to depose Dorrity and learn more about his opinions. Defendants chose not to do so, not because they weren't afforded enough time or the late disclosure prevented them from doing so, but rather because they simply did not want to. Therefore, Plaintiff's one day delay in disclosing David Dorrity is not grounds for striking his testimony, as it is harmless to all parties as well as the Court.

## CONCLUSION

For the reasons cited above, Plaintiff respectfully submits that this Court should deny Defendants' Motion to Strike Dorrity's Affidavit. Contrary to Defendants' assertion, Dorrity's affidavit did not contain any "new" opinions, but rather provided a further basis and foundation for the opinions he had already given in his Rule 26 report. By filing the affidavit, Plaintiff is not seeking to offer any "new" opinions of Dorrity, and represents that he will not seek to do so at trial.

Further, Plaintiff's one day delay in identifying Dorrity is not grounds for the striking of his testimony. Plaintiff's delay was harmless, offered no unfair advantage, was not prejudicial to Defendants (who had over four months from the time he was disclosed in which to depose him prior to the expiration of discovery) and has not prevented the Court from exercising its duties in presiding over this and other cases. Given that the Court has broad discretion in allowing or preventing expert testimony, Plaintiff respectfully asks this Court to deny Defendants' Motion to Strike based upon the one day late disclosure. Similarly, Defendants' arguments concerning Dorrity's opinions contained in his Rule 26 report are unpersuasive and should be denied. Plaintiff fully explored the reasons as to why the opinions were admissible in his Response to Defendants' First Motion to Strike.

For these reasons, Plaintiff respectfully opposed Defendants' Motion to Strike and requests that this Court deny the Motion in its entirety.

Respectfully submitted, this 19th day of December, 2012.

**s/Matthew A. Cathey**
Matthew A. Cathey
Georgia Bar Number: 532981
Attorney for Plaintiff

Cathey & Strain, LLC
P.O. Box 689
Cornelia, GA 30531
Telephone: 706-778-2601
Facsimile: 706-776-2899
E-mail: mcathey@catheyandstrain.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this document complies with the font and point selections approved by the Court in Local Rule 5.1B. This document has been prepared in Times New Roman font, 14 point.

This 19th day of December, 2012.

<div style="margin-left: 50%;">

**s/Matthew A. Cathey**
Matthew A. Cathey
Georgia Bar Number: 532981
Attorney for Plaintiff

</div>

Cathey & Strain, LLC
P.O. Box 689
Cornelia, GA 30531
Telephone: 706-778-2601
Facsimile: 706-776-2899
E-mail: mcathey@catheyandstrain.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2012, I electronically filed the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> D. Gary Lovell, Jr.
> Erica L. Holzman
> Carlock, Copeland & Stair, LLP
> 191 Peachtree Street, N.E.
> Suite 3600
> P.O. Box 56887
> Atlanta, GA 30303-1740

I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants: None.

<div align="right">

**s/Matthew A. Cathey**
Matthew A. Cathey
Attorney Bar Number: 532981
Attorney for Plaintiff

</div>

Cathey & Strain, LLC
P.O. Box 689
Cornelia, GA 30531
Telephone: 706-778-2601
Facsimile: 706-776-2899
E-mail: mcathey@catheyandstrain.com