**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| DAVID R. BRIDGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) FILE NO.: 2:11-CV-0262-WCO |
| GARY KISER TRUCKING, INC., RAY CHARLES WILSON AND CAROLINA CASUALTY INSURANCE COMPANY, | ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE SUPPLEMENTAL OPINIONS AND STRIKE AFFIDAVIT OF DAVID DORRITY**

COME NOW, Gary Kiser Trucking, Inc., Ray Charles Wilson and Carolina Casualty Insurance Company, (hereinafter collectively "Defendants"), by and through their undersigned counsel of record, submits this Reply Brief to Plaintiff's Response to Defendants' Motion to Exclude Supplemental Opinions and Strike Affidavit of David Dorrity, respectfully showing the Court as follows:

**I. INTRODUCTION**

In response to Defendants Motion to Exclude Testimony of Expert David Dorrity and Defendants' Motion for Summary Judgment, Plaintiff's produced an Affidavit from expert David Dorrity containing new, supplemental opinions,

identifying additional work preformed after the Motions were filed, and identifying additional sources of information not contained in his original report. This additional work was preformed and these additional supplemental opinions were reached after Plaintiff's deadline to disclose experts, after the discovery deadline passed, and after Defendants had filed a Motion for Summary Judgment and Motion to Exclude Opinions of David Dorrity. This supplemental affidavit, and the supplemental opinions and information contained in the affidavit, was not timely produced and should be excluded

## II. STATEMENT OF FACTS

For purposes of brevity, Defendants hereby incorporate their Statement of Facts in Defendants Motion to Exclude Testimony of David Dorrity and Defendants' Motion To Strike Affidavit of David Dorrity.

For purposes of clarity, however, Mr. Dorrity has presented the following opinions in his original report dated May 16, 2012, attached hereto as "Exhibit 1":

OPINION 1:

Mr. Wilson deviated from industry standards by way of changing from the left lane into the right lane that was occupied by Mr. Bridges. This opinion is based on the Georgia Accident Report.

OPINION 2:

A professional CMV driver is expected to drive with a higher degree of care and caution than other motorists because of the numerous

differences and increased danger of injury and fatality associated with big truck collisions.

OPINION 3:

Mr. Wilson should have paid attention to Mr. Bridges before moving into his lane. I am assuming that Mr. Wilson was in the process of overtaking the slower vehicle of Mr. Bridges and if that is the case Mr. Wilson has no immediately recognizable excuse for not realizing Mr. Bridges' presence in the right lane — unless he was distracted or impaired in some way. This opinion may be supplemented as discovery proceeds.

OPINION 4:

Larger CMVs have significant blind spots. A blind spot is not necessarily an excuse for a lane change accident. The Georgia CDL manual recommends that a CMV driver should be alert and cautious to others by scanning down the road 12-15 seconds and that he should routinely monitor his mirrors in order to keep track of traffic moving in and out of the blind spot area.

(See Dorrity Report, pg. 5, attached as "Exhibit 1" to Defendants' Brief in Support of Motion to Exclude on file with this Court). In preparing this report, Mr. Dorrity relied on the following materials:

(1) Pleadings, Complaints and Answers;
(2) Defendant's Answers to Production Requests and Interrogatories;
(3) Plaintiff's Answers to Interrogatories;
(4) GA Motor Vehicle Accident Report; and
(5) FMCSA SafeStat and SMS Research.

(See Dorrity Report, pg 4). As such, the only information Mr. Dorrity had regarding how the accident occurred at the time this report was created was

obtained from the accident report (See Dorrity Report, Opinion 1). Mr. Dorrity's original report expressly states that it was created with incomplete information and needed to be supplemented. Specifically, the report states:

> I was asked to review documents, policy and procedure training, regulatory compliance and industry standards as they relate to Mr. Wilson and Gary Kiser Trucking. *Most of this information is not yet available for review.*
>
> My opinions to date are limited *since there is very little discovery production to review other than the accident report.* I anticipate this report *will be supplemented* as I am asked to review additional documents...
>
> Again, this is *my initial report in order to meet deadlines but I will likely be supplemented [sic] in the future.*

(See Dorrity Report, pg 3)(emphasis added).

Plaintiff did not provide Mr. Dorrity with additional documents to review and Mr. Dorrity did not supplement his report, however, until <u>after</u> the discovery deadline and after Defendants filed a Motion for Summary Judgment and Motion to Exclude the Testimony of David Dorrity. On December 6, 2012, Plaintiff attached the Affidavit of David Dorrity to Plaintiff's Response to Defendants Motion to Exclude. This affidavit, including the opinions and information contained therein, had not been previously produced. This affidavit states:

> This affidavit will supplement my opinions and support for those opinions that were previously published in my report dated May 16, 2012.

(See Affidavit of David Dorrity, ¶4, attached as "Exhibit E" to Plaintiff's Response to Motion to Exclude Testimony of David Dorrity on file with this Court). According to Plaintiff's Response, this affidavit was provided in direct response to Defendants Motion to Exclude the Testimony of David Dorrity. (See Plaintiff's Response to Motion to Exclude Supplemental Opinions and Strike Affidavit, pg 2). Mr. Dorrity's affidavit outlines several new sources of information that he reviewed including the deposition of Ray Wilson and the Affidavit of Samantha Crawford. (Affidavit of David Dorrity, ¶6). This is especially relevant as the Affidavit of Samantha Crawford was executed on November 19, 2012. (See Affidavit of Samantha Crawford, on file with this Court) As such, it is clear that Mr. Dorrity preformed work outside the discovery period and arrived at supplemental opinions outside the discovery period. Mr. Dorrity's Affidavit also has several appendices containing outside sources of information that were not produced in the discovery period. (See Dorrity's Affidavit). More importantly, Mr. Dorrity's affidavit contains multiple new opinions that were not included in Mr. Dorrity's original report. (See Dorrity Affidavit, generally). The new opinions are too numerous to list here, but Defendants to call particular attention to Paragraph 15 of the Affidavit which contains the following statements:

- Lane change crashes are generally preventable by the trained and careful CMV driver (citing to National Safety Council's Guide to Determine Motor Vehicle Accident Preventability Manual, attached to the Affidavit as Appendix B)
- The trucking industry standards for review would judge this particular lane change accident as preventable by Mr. Wilson.
- The most probable explanation for Mr. Wilson's lane change into Mr. Bridges lane was failure to keep a proper lookout during his entire passing and before changing lanes and consequently not changing lanes until he was safely past Mr. Bridges vehicle [sic].

(See Dorrity Affidavit, 15). None of these opinions were contained in Mr. Dorrity's original report. (See Dorrity Report).

Mr. Dorrity's Affidavit is an improper supplemental report which contains untimely opinions and other information that were not contained within Mr. Dorrity's original report. As such, Defendants request that this Court enter an Order excluding all supplemental opinions, information and sources not included in Mr. Dorrity's original report and striking Mr. Dorrity's affidavit from the record.

### III. ARGUMENT AND CITATION TO AUTHORITY

**a. <u>Plaintiff's Disclosure of David Dorrity's Supplemental Affidavit Was Untimely And, Thus, The Affidavit Should Be Struck And All Supplemental Opinions, Information and Sources Should Be Excluded.</u>**

It is undisputed that Plaintiff did not produce Mr. Dorrity's Affidavit until after discovery had expired and after Defendants had filed a Motion to Exclude the Testimony of David Dorrity and a Motion for Summary Judgment. In Defendants'

Reply Brief in Support of Defendants' Motion to Exclude Testimony of David Dorrity and Brief In Support of Motion to Exclude Supplemental Opinions of David Dorrity, Defendants cited multiple cases showing that the Affidavit was an improper and untimely supplement under Rule 26(e). Plaintiff responds by arguing only that none of Defendants' case law is applicable because the Affidavit does not contain supplemental opinions. (See Plaintiff's Response Brief: "The information in his affidavit simply confirmed, clarified, and gave the basis for those opinions. As a result, the litany of cases cited by Defendant regarding supplementation of an expert report are completely inapplicable here.")

Plaintiff's argument that the Affidavit is not a supplemental report is unpersuasive and simply untrue. Paragraph four of the Affidavit states:

> This affidavit will **supplement** my opinions and support for those opinions that were previously published in my report dated May 16, 2012.

(See Dorrity Affidavit, ¶4)(emphasis added). Further, it is clear simply by reading the original report that Mr. Dorrity never intended it to be the final report and always intended to supplement it. The report repeatedly states that Mr. Dorrity has insufficient information and that the report will need to be supplemented. (See Dorrity Report, some relevant portions cited above). In Opinion 3 alone, Mr. Dorrity admits he is making an assumption and states he will supplement the opinion. Plaintiff, however, failed to supplement the report properly and timely

under Rule 26(e). Mr. Dorrity's Affidavit containing supplement opinions and information was untimely and improper as it was filed after the discovery deadline and after Defendants' filed their Motion for Summary Judgment. McGarity v. FM Carriers, Inc., 2012 WL 1028593 (S.D.Ga.2012); Martinez v. Rycars Construction, LLC, 2010 WL 6592942 (S.D.Ga.2010); Cochran v. Brinkman Corp., 2009 WL 4823858 (N.D.Ga.2009).

It is clear that David Dorrity's Affidavit contains new, supplemental opinions and information. The Affidavit is too lengthy to discuss all of the supplemental opinions and information in detail. However, Paragraph 15, for example, is especially laden with new opinions. Paragraph 15 first states:

> Lane change crashes are generally preventable by the trained and careful CMV driver (National Safety Council's Guide to Determine Motor Vehicle Accident Preventability Manual, attached to the Affidavit as Appendix B)

This opinion and information is not contained in the original report. The National Safety Council's Guide, cited to in paragraph 15, was never attached to Mr. Dorrity's original report, cited to in the original report, or even mentioned in the original report. In fact, this supplemental opinion conflicts with Opinion 4 from the original report which states: "A blind spot is not necessarily an excuse for a lane change accident." In the original report, Mr. Dorrity clearly believes that a

blind spot was an excuse for some lane change accidents; in the Affidavit, however Mr. Dorrity opines that lane change accidents are generally preventable.

Mr. Dorrity also states in Paragraph 15:

> The trucking industry standards for review would judge this particular lane change accident as preventable by Mr. Wilson.

This information is not included in the original report either. The term "preventable" is a trucking industry term of art, and Mr. Dorrity does not use the word "preventable" anywhere in his original report. Moreover, none of Mr. Dorrity's original four opinions state that the lane change accident was preventable.

Mr. Dorrity concludes paragraph 15 with the following supplemental opinion:

> The most probable explanation for Mr. Wilson's lane change into Mr. Bridges lane was failure to keep a proper lookout during his entire passing and before changing lanes and consequently not changing lanes until he was safely past Mr. Bridges vehicle [sic].

This opinion is not contained in the original report. Specifically, the original report does not mention a "failure to keep a proper lookout" at all. This is an entirely new opinion and new allegation of negligence. Further, while opinion 3 mentions a lane change, Mr. Dorrity's original report clearly states that this opinions was based merely on an assumption as he lacked any evidence to support an opinion regarding an improper lane change at the time the original report was drafted.

These new opinions, then, are a product of work preformed by Mr. Dorrity outside the discovery period. Mr. Dorrity expressly states the foundation of these new opinions in paragraph 15: "Since Mr. Wilson was in the process of overtaking Mr. Bridges' slower vehicle in the right lane..." This information was derived by Mr. Dorrity from Ms. Samantha Crawford's affidavit[1]. (See Dorrity Report, ¶6). Ms. Crawford's affidavit was not available to Mr. Dorrity when he produced his original report. In Opinion 3 of the original report, Mr. Dorrity clearly states that he is "assuming" that Mr. Wilson was in the process of overtaking the slower vehicle and states that he will supplement this opinion as discovery proceeds due to his lack of information. However, Ms. Crawford's Affidavit was not executed until after the discovery period ended. *This necessarily means that Mr. Dorrity preformed additional work and derived these supplemental opinions after the discovery period.* This is not permissible under Rule 26(e). In <u>Cochran v. Brinkman Corp.</u>, the Court excluded additional work by the expert which was done "weeks or months" after the expert disclosure deadline, and limited the expert's opinions to the expert's original report. <u>Cochran v. Brinkman Corp.</u>, 2009 WL 4823858 (N.D.Ga.2009). In so holding, the Court explained that supplementation

---

[1] Defendants dispute that this is a proper and full understanding of Ms. Crawford's affidavit. See Defendants' Reply Brief in support of Defendants' Motion for Summary Judgment.

"is not a device to allow a party's expert to engage in additional work or to annul opinions or offer new ones to perfect litigation strategy." Id.

Here, Plaintiff is trying to do exactly what Cochran disallows. After Defendants filed the Motion to Exclude Testimony of David Dorrity showing that Mr. Dorrity's opinions were based on nothing but assumptions and otherwise lacked foundation, Plaintiff realized that he never supplemented Mr. Dorrity's original report. Thus, to contest Defendants' Motion to Exclude and Motion for Summary Judgment, Plaintiff sent additional materials to Mr. Dorrity to review so that Mr. Dorrity could supplement his opinions. All of this was done after Plaintiff's deadline to disclose experts, after the discovery deadline and after Defendants had filed a Motion for Summary Judgment and Motion to Exclude Plaintiff's expert. This is not permissible under Rule 26(e). Plaintiff can not supplement an expert report to "cover failures of omission because the expert did an inadequate or incomplete preparation." Martinez v. Rycars Construction, LLC, 2010 WL 6592942 (S.D.Ga.2010).

Further, the supplemental opinions and information contained in Mr. Dorrity's affidavit are extremely prejudicial to Defendants because Plaintiff waited until after discovery expired and after Defendants had filed the Motion for Summary Judgment and Motion to Exclude Expert Testimony to produce the

Affidavit. See McGarity v. FM Carriers, Inc., 2012 WL 1028593 (S.D.Ga.2012) (finding that defendant was harmed where defendant was "wholly unaware while preparing its Motion for summary Judgment" of the new expert opinions to be offered by the plaintiff). Mr. Dorrity's original report was based on nothing more than the police report and Mr. Dorrity's assumptions, and Mr. Dorrity's original opinions were speculative and lacked foundation[2]. The Affidavit set forth new opinions, new bases for these opinions, as well as new information not contained in the original report. Defendants will be harmed if Plaintiff is permitted to introduce the new opinions and information contained in the Affidavit as Defendants were not able to prepare defenses to these new opinions and information because the affidavit was not produced within the discovery period or within Defendants' time to retain a rebuttal expert.

Clearly then, for these reasons and pursuant to the case law cited above, Mr. Dorrity's Affidavit is not a proper supplementation of Plaintiff's expert report and substantially harms Defendants. Therefore, Mr. Dorrity's Affidavit should be struck and his opinions should be limited to those in Mr. Dorrity's Original Expert Report (if this Court does not grant Defendants Motion to Exclude Testimony of Expert David Dorrity which would completely exclude Mr. Dorrity's opinions).

---

[2] See Defendants' Motion to Exclude Testimony of David Dorrity

b. **Plaintiff's Disclosure of David Dorrity Was Untimely And, Thus, Plaintiff's Expert Disclosure Should Be Excluded**

In Plaintiff's Response to Defendants' Motion to Exclude Supplemental Opinions and Strike Affidavit of David Dorrity, Plaintiff improperly responded to Defendants' Reply Brief to Plaintiff's Opposition to Defendants Motion to Exclude Testimony of David Dorrity. (See Plaintiff's Response, Section B, pg 6). Thus, this portion of Plaintiff's Response should not be considered by the Court. Should this Court take this argument under consideration, however, Defendants respond as follows:

Plaintiff argues that the McGarity and Dracz cases cited by Defendant are not applicable in this case because they are not factually similar to this case. Specifically, Plaintiff argues that the expert disclosures were delayed much longer in the cited cases than in the present case. Plaintiff's argument is unpersuasive and fails to respond to Defendants' argument.

Defendants did not cite to those cases because they were factually identical to the present case regarding the amount of delay in filing the expert report. Defendants cited those cases for the rule announced and affirmed therein that Plaintiff must show "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure prior to showing that the late expert disclosure was substantially harmless. McGarity v. FM Carriers, Inc., 2012 WL 1028593 (S.D.Ga.2012), citing

to Dracz v. Am. Gen. Life Ins. Co, 426 F.Supp.2d 1337, 1376 (M.D.Ga.2006). In the McGarity, the Court held: "While it is true that Plaintiff must show that the late disclosure is "substantially justified" or "harmless," *Plaintiff must first satisfy Federal Rule of Civil Proceedure 16(b)'s "good cause" requirement* because she provided [her] expert affidavit well after the court-ordered deadline." Id (emphasis added).

As such, it does not matter how long the delay was in providing expert disclosures; where there is a scheduling order in place and the expert disclosure is late, Plaintiff must show good cause pursuant to Rule 16(b) prior to showing that the failure to properly disclose the expert was "harmless" under Rule 37(c)(1) of the Federal Rules of Civil Procedure. In Plaintiff's Response, Plaintiff admits that he has not made a showing of "good cause." More importantly, Plaintiff has not even tried to make such a showing, even after Defendants pointed out this omission and cited case law in support of their position. Thus, because Plaintiff has failed to make a showing of good cause under Rule 16(b), Plaintiff's expert disclosure of David Dorrity should be excluded.

IV  CONCLUSION

The supplemental opinions and information contained in David Dorrity's Affidavit are improper and untimely. As such, Defendants request that this Court

enter an Order striking the Affidavit of David Dorrity and exclude any opinions and information not contained in Mr. Dorrity's original report (if this Court does not grant Defendants' Motion to Exclude Testimony of David Dorrity which if granted, would exclude Mr. Dorrity from providing any opinions in this case)

Respectfully submitted 3rd day of January, 2013.

                                      **CARLOCK, COPELAND & STAIR, LLP**

                            By:    */s/ Erica L. Holzman*
                                        D. GARY LOVELL, JR.
                                        State Bar No.: 459389
                                        ERICA L. HOLZMAN
                                        State Bar No. 006757
                                        Attorneys for Defendants

191 Peachtree Street, N.E.
Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220

This is to certify that the foregoing pleading was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(B).

This 3rd day of January, 2013.

            **CARLOCK, COPELAND & STAIR, LLP**

            By: */s/ Erica L. Holzman*
               D. GARY LOVELL, JR.
               State Bar No.: 459389
               ERICA L. HOLZMAN
               State Bar No. 006757
               Attorneys for Defendants

191 Peachtree Street N.E.
Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the within and foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Edward E. Strain, III, Esq.
Cathey & Strain, P.C.
P.O. Box 689
Cornelia, GA 30531

Jerry F. Lee, Esq.
Law Office of Jerry F. Lee
190 Whisperwood Way
Cleveland, GA 30528

This 3rd day of January, 2013.

>   */s/ Erica L. Holzman*
>   ERICA L. HOLZMAN
>   State Bar No.: 006757
>   Attorney for Defendants

Carlock, Copeland & Stair, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, GA 30303-1740
(404) 522-8220